## B. HILLERICK *v.* W. C. WHITAKER.

**Attachment—Claim by Third Person—Reference to Master—Commissioner's Report—Judgment Not in Conformity to Report.**

Where a third person claims the property attached and the question of ownership is referred to the master for proof and report, and the commissioner reported that some of the property attached belonged to a third party, which report was confirmed, it was error to adjudge that all the property attached be sold.

### APPEAL FROM LOUISVILLE CHANCERY.

September 8, 1871.

OPINION BY JUDGE PETERS:

When the attachment in this case was levied, appellant was present and, from the evidence of Mills and others who were also present on that occasion, it appears that he claimed then one spring wagon, there being two on the premises, the engine and boiler, and the beer kegs, the other property he set up no claim to, but admitted it belonged to his son, the obligor in the note sued on.

We do not feel authorized therefore to decide that the chancellor should not have subjected the property to which appellant then set up no claim, to sale for the payment of appellee's debt.

But before appellant was made a defendant to the action, judgment was rendered, subjecting the engine and boiler and the 95 beer barrels with the other property levied on to sale to satisfy the debt.

After the judgment was rendered on his petition, appellant was made a defendant to the action, and he asserted a claim to all the property attached. The case was then referred to the Master to take proof and to report to whom the property belonged. He reported that the engine, boiler and 95 beer kegs did not belong to the defendant, or rather that the debtor to appellee owned all the property attached, except the articles named, and the evidence showed conclusively that they belonged to appellant. Notwithstanding the evidence and the report of the Master and the confirmation thereof by the court, still the chancellor ordered and adjudged that the marshal should proceed to sell the at-

31

tached property in conformity to the former decree previously entered, whereby the engine, boiler and 95 beer kegs were subject to sale, which is evidently erroneous. And for that error the judgment must be *reversed* and the cause remanded with directions to discharge the attachment as to the engine, boiler and 95 beer kegs, and for further proceedings consistent herewith.

*Wood, Drane, for appellants.*

*Whitaker & Gowdy, for appellee.*